

U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

District of Columbia

**FILED**

**MAR 19 2007**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Judiciary Center
555 Fourth St., N.W.
Washington, D.C. 20530

March 6, 2007

CR07-55

*let this be filed.*
*Royce C. Lamberth*
*U.S.D.J. 3/19/07*

**By Hand Delivery**
Eric H. Holder, Jr., Esq.
Covington & Burling, LLP
1201 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2401

Dear Mr. Holder:

This letter sets forth the plea agreement that the United States Attorney's Office for the District of Columbia and the National Security Division of the Department of Justice ("the government") are willing to enter into with your client, Chiquita Brands International, Inc. **This plea offer expires at noon on Friday, March 9, 2007.** If your client accepts the terms and conditions of this offer, both an authorized representative of your client and you should execute this document in the spaces provided below and return the original document to us. Please include a notarized copy of the resolution of the Board of Directors of Chiquita Brands International, Inc., which states that your client has authorized this plea agreement and has empowered you, Eric H. Holder, Jr., Esq., as its outside counsel to act on its behalf for purposes of this plea. Upon our receipt of the executed document (along with the aforementioned board resolution), this letter will become the plea agreement. The terms of the agreement are as follows:

1. **Charge**. Your client agrees to waive indictment and enter a plea of guilty to Count One of a one-count Criminal Information, to be filed in the United States District Court for the District of Columbia, charging your client with Engaging in Transactions with a Specially-Designated Global Terrorist, in violation of 50 U.S.C. § 1705(b) and 31 C.F.R. § 594.204. A copy of the Information is attached. Your client agrees to appear before the Court through an authorized representative and to admit its guilt to the offense charged in the Information, accept the attached Factual Proffer as the basis for its admission of guilt, and admit these facts when its plea is entered before the Court.

2. **Potential penalties and assessments**. Your client, as a corporate violator, understands that for Count One, pursuant to 18 U.S.C. §§ 3571(c)(2) and (d), the statutory maximum criminal

fine is twice your client's pecuniary gain from the offense. The parties agree that, based on documents that your client provided to the government, your client earned no more than $49.4 million in profits from its Colombian banana-producing operations from September 10, 2001, through January 2004. The parties agree that, based on this estimate of $49.4 million in relevant pecuniary gain, the maximum criminal fine is $98.8 million. Your client is also subject to a term of corporate probation of five years pursuant to 18 U.S.C. § 3561. In addition, pursuant to 18 U.S.C. § 3013(a)(2)(B), your client agrees to pay the mandatory special assessment of $400 to the Clerk of the United States District Court prior to the date of sentencing.

3. **Additional charges**. In consideration and as an express condition of the corporate plea, no additional criminal charges shall be filed, in connection with the conduct giving rise to this plea agreement, against Chiquita Brands International, Inc., its subsidiaries, affiliates, or successors-in-interest.

4. **Waiver of constitutional and statutory rights**. Your client understands that by pleading guilty in this case, your client agrees to waive certain rights afforded by the Constitution of the United States and/or by statute, including: the right to be indicted by a grand jury; the right to plead not guilty; and the right to a jury trial. At a jury trial, your client would have the right to be represented by counsel, to confront and cross-examine witnesses against your client, to compel witnesses to appear to testify and present other evidence on your client's behalf. Your client would further have the right to have the jury instructed that your client is presumed innocent until proven guilty, and that the burden would be on the government to prove your client's guilt beyond a reasonable doubt. If your client were found guilty after a trial, your client would have the right to appeal the conviction.

Your client also understands that as part of the entry of this guilty plea, your client specifically waives any rights to a speedy trial or sentence under the Constitution and/or the Speedy Trial Act, 18 U.S.C. § 3161 et seq. Your client acknowledges that sentencing in this case may, with the approval of the Court, be delayed until any cooperation your client may or will be providing to the government has been completed, as determined by the government, so that the Court will have the benefit of all relevant information.

Your client waives any challenges to venue or jurisdiction in the District of Columbia.

5. **Sentencing Guidelines**. The parties to this agreement agree that your client's sentence is not governed by the United States Sentencing Guidelines. That is because, although the offense conduct to which your client is pleading guilty is covered by U.S.S.G. § 2M5.3(a), that Guideline is not listed under U.S.S.G. § 8C2.1, which governs fines for organizations. Accordingly, pursuant to U.S.S.G. § 8C2.10, the sentence is to be determined by applying 18 U.S.C. §§ 3553 and 3572.

6. **Plea Pursuant to Rule 11(c)(1)(C)**. Your client and the government agree that a criminal fine of $25 million and corporate probation of five years, is the appropriate sentence for the charge to which your client is pleading guilty. The parties agree that $25 million is the appropriate criminal

fine in resolution of this matter, taking into account the inapplicability of the Guidelines, the nature and circumstances of the offense, and the need for the sentence imposed to reflect the seriousness of the offense; to promote respect for the law; to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; and to protect the public from further crimes. 18 U.S.C. § 3553(a)(1). The criminal fine shall be paid by cashier's check or certified check made payable to "Clerk, United States District Court for the District of Columbia" as follows:

- $5 million payable upon entry of judgment;

- $5 million, plus post-judgment interest computed pursuant to 18 U.S.C. § 3612(f)(2), payable within one year from the entry of judgment;

- $5 million, plus post-judgment interest computed pursuant to 18 U.S.C. § 3612(f)(2), payable within two years from the entry of judgment;

- $5 million, plus post-judgment interest computed pursuant to 18 U.S.C. § 3612(f)(2), payable within three years from the entry of judgment;

- $5 million, plus post-judgment interest computed pursuant to 18 U.S.C. § 3612(f)(2), payable within four years from the entry of judgment.

Your client agrees that no portion of the $25 million that your client has agreed to pay under the terms of this agreement is deductible on any Federal, State, or foreign tax or information return.

In addition to any other conditions of probation that the United States Probation Office may propose and/or the Court may impose, your client and the government further agree that the following conditions of corporate probation are appropriate in this case and your client agrees to abide by them: (1) your client shall pay the sum set forth in this agreement; (2) your client shall implement and maintain an effective compliance and ethics program that fully comports with the criteria set forth in Section 8B2.1 of the United States Sentencing Guidelines, including, but not limited to, (a) maintaining a permanent compliance and ethics office and a permanent educational and training program relating to federal laws governing payments to, transactions involving, and other dealings with individuals, entities, or countries designated by the United States government as Foreign Terrorist Organizations, Specially-Designated Global Terrorists, Specially-Designated Narcotics Traffickers, and/or Countries Supporting International Terrorism, and/or any other such federally-designated individuals, entities, or countries, (b) ensuring that a specific individual remains assigned with overall responsibility for the compliance and ethics program, and (c) ensuring that that specific individual reports directly to the Chief Executive Officer and to the Board of Directors of Chiquita Brands International, Inc., no less frequently than on an annual basis on the effectiveness of the compliance and ethics program; and (3) pursuant to 18 U.S.C. § 3563(a)(1), your client shall not commit any federal, state, or local crimes during the term of probation.

The government also agrees, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal

Procedure, to present this plea agreement between the parties to the Court for its approval. If the Court accepts the plea agreement and the specific sentence agreed upon by the parties, then the Court will embody in the judgment and sentence the disposition provided for in this plea agreement, pursuant to Rule 11(c)(4) of the Federal Rules of Criminal Procedure. The parties understand, however, that in light of other factors the Court may not agree that such a sentence is an appropriate one and may reject the plea agreement pursuant to Rule 11(c)(5) of the Federal Rules of Criminal Procedure. Your client understands that, if this happens, the Court, in accordance with the requirements of Rule 11(c)(5), will inform the parties of its rejection of the plea agreement and will afford your client an opportunity to withdraw the plea, or if your client persists in the guilty plea will inform your client that a final disposition may be less favorable to your client than that contemplated by this agreement.

7. **Cooperation with the Government**. Your client agrees to cooperate fully, completely, and truthfully with all investigators and attorneys of the government, by truthfully providing all information in your client's possession relating directly or indirectly to all criminal activity and related matters which concern the subject matter of this investigation, including but not limited to the conduct set forth in the Information and the Factual Proffer. Subject to the terms of this agreement, current officers, directors, and employees will be made available for testimony; and contact information for former officers, directors, and employees will be provided. Your client's cooperation shall include, but is not limited to, the following: volunteering and providing any information and documents to the government that come to your client's attention related to the subject matter of this investigation; assembling, organizing, and providing to the government documents and any other evidence in your client's possession related to the subject matter of this investigation, as requested; and providing testimony or information necessary to identify or establish the original location, authenticity, or other basis for admission into evidence of documents or physical evidence in any criminal or other proceeding related to the subject matter of this investigation, as requested. The parties agree that all such requests for cooperation will be made in writing directed to undersigned counsel for the Company.

Your client shall use its reasonable best efforts to make available its present and former officers, directors, and employees to provide information and/or testimony as requested, including sworn testimony before a grand jury or in court proceedings, as well as interviews with law enforcement authorities, and to identify witnesses who, to your client's knowledge and information, may have material information related to the subject matter of this investigation.

Your client shall not, in relation to this investigation and any criminal prosecution arising therefrom, assert any claim of privilege (including but not limited to the attorney-client privilege and the work product protection) as to any documents, records, information, or testimony related to the subject matter of this investigation, provided that your client may assert attorney-client privilege, work product protection, or other privileges with respect to privileged communications made and work product created after March 31, 2004. Your client agrees that, in the event that a witness needs to refer to a privileged communication that occurred after March 31, 2004, to provide a complete response to a question concerning the time period for which your client has agreed not to assert

privilege, your client will allow the witness to provide a complete response. If a witness is uncertain as to whether particular privileged communications fall within the agreed-upon waiver period, the parties agree that the witness will be afforded a reasonable opportunity to consult with the Company's counsel before answering questions relating to such privileged communications.

Your client shall promptly turn over to the government or other law enforcement authorities or direct such law enforcement authorities to any and all evidence of criminal activity and related matters which concern the subject matter of this investigation, including but not limited to the conduct set forth in the Information.

Your client agrees not to commit any criminal violation of federal, state, or local law during the period of your client's cooperation with law enforcement authorities pursuant to this agreement or at any time prior to the sentencing in this case. The commission of a criminal offense during the period of your client's cooperation or at any time prior to sentencing will constitute a breach of this plea agreement and will relieve the government of all of its obligations under this agreement. However, your client acknowledges and agrees that such a breach of this agreement will not entitle your client to withdraw your client's plea of guilty.

8. **Reservation of allocution**. Your client understands that the government reserves its full right of allocution for purposes of sentencing in this matter in the event the Court rejects the plea agreement pursuant to Rule 11(c)(5) of the Federal Rules of Criminal Procedure or your client withdraws its plea. In such an event, the government reserves its right to recommend a fine up to the maximum fine allowable by law. The government reserves the right to describe fully, both orally and in writing, to the sentencing judge the nature and seriousness of your client's misconduct, including misconduct not described in the charge to which your client is pleading guilty. Both parties reserve the right to inform the presentence report writer and the Court of any relevant facts, to dispute any factual inaccuracies in the presentence report, and to contest any matters not provided for in this plea agreement.

9. **Breach of agreement**. Your client understands and agrees that, if your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this plea agreement, or commits any further crimes, your client will have breached this plea agreement. In the event of such a breach, (a) the government will be free from its obligations under the agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes that your client has committed or might commit, if any, including perjury and obstruction of justice; and (d) the government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding all statements made by your client and any of the information or materials provided by your client, including such statements, information, and materials provided pursuant to this agreement or during the course of any debriefings conducted in anticipation of, or after entry of this agreement, including your client's statements made during proceedings before the Court pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

Your client acknowledges discussing with you Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules that ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights that arise under these rules. As a result of this waiver, your client understands and agrees that any statements that are made in the course of your client's guilty plea or in connection with your client's cooperation pursuant to this plea agreement will be admissible against your client for any purpose in any criminal or civil proceeding if your client breaches this plea agreement or your client's guilty plea is subsequently withdrawn. Moreover, in the event that your client's guilty plea is withdrawn, your client agrees that the government will be free to use against your client in any criminal or civil proceeding any statements made during the course of any debriefing conducted in this case, regardless of whether those debriefings were previously covered by an "off the record" agreement by the parties.

If your client breaches this plea agreement, any prosecutions of your client not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement may be commenced against your client in accordance with this paragraph, notwithstanding the running of the statute of limitations before the commencement of such prosecutions. Your client knowingly and voluntarily agrees to waive any and all defenses based on any statute of limitations for any prosecutions commenced pursuant to the provisions of this paragraph.

Your client understands and agrees that the government shall only be required to prove a breach of this plea agreement by a preponderance of the evidence. Your client further understands and agrees that the government need only prove a violation of federal, state, or local criminal law by preponderance of the evidence in order to establish a breach of this plea agreement.

Nothing in this agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this agreement or committed by your client after the execution of this agreement. Your client understands and agrees that the government reserves the right to prosecute it for any such offenses. Your client further understands that any perjury, false statements, or declarations, or obstruction of justice relating to your client's obligations under this agreement shall constitute a breach of this agreement. However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

10. **Appeal waiver**. It is agreed that (a) your client will not file a direct appeal of any sentence imposed pursuant to this plea agreement, including but not limited to, the imposition of the criminal fine agreed upon by the parties as set forth above, and (b) the government will not appeal any sentence imposed pursuant to this plea agreement.

11. **Prosecution by other agencies/jurisdictions**. This agreement only binds the United States Attorney's Office for the District of Columbia and the National Security Division of the United States Department of Justice. It does not bind any other United States Attorney's Office or any other office or agency of the United States government, including, but not limited to, the Tax

Division of the United States Department of Justice; the Internal Revenue Service of the United States Department of the Treasury; the United States Securities and Exchange Commission; or any state or local prosecutor. These individuals and agencies remain free to prosecute your client for any offense(s) committed within their respective jurisdictions. The United States Attorney's Office for the District of Columbia and the National Security Division of the United States Department of Justice agree to contact any prosecuting jurisdiction and advise that jurisdiction of the terms of this agreement and the cooperation provided by your client.

12. **No other agreements**. No other agreements, promises, understandings, or representations have been made by the parties other than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, your client's counsel, and an Assistant United States Attorney for the District of Columbia, or made by the parties on the record before the Court.

If your client agrees to the conditions set forth in this letter, both your client and you should sign the original in the spaces provided below and return the executed plea agreement (along with the aforementioned board resolution) to us. The original of this plea agreement will be filed with the Court.

Sincerely,

JEFFREY A. TAYLOR
United States Attorney
for the District of Columbia

By:    _____
Jonathan M. Malis
Denise Cheung
Assistant United States Attorneys
(202) 305-9665

Stephen Ponticiello
Department of Justice Trial Attorney
Counterterrorism Section
(202) 353-8782

## Defendant's Agreement

I am the Chairman of the Board of Directors, President, and Chief Executive Officer of Chiquita Brands International, Inc. I am authorized by Chiquita Brands International, Inc., to act on its behalf in this matter.

I have read this plea agreement and carefully reviewed every part of it with the corporation's attorney, Eric H. Holder, Jr. I am fully satisfied with the legal services provided by Mr. Holder in connection with this plea agreement and all matters relating to it. I fully understand this plea agreement and voluntarily agree to it. No threats have been made to me or Chiquita Brands International, Inc., nor am I under the influence of anything that could impede my ability to understand this plea agreement fully. No agreements, promises, understandings, or representations have been made with, to, or for me or Chiquita Brands International, Inc., other than those set forth above.

_3/12/2007_  
Date

By: _Fernando Aguirre_  
Chairman of the Board of Directors, President, and Chief Executive Officer of Chiquita Brands International, Inc.

## Attorney's Acknowledgment

I am counsel for Chiquita Brands International, Inc. I have read each of the pages constituting this plea agreement, reviewed them with my client, and discussed fully the provisions of the agreement with my client. These pages accurately and completely set forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

_3-13-07_  
Date

_Eric H. Holder, Jr., Esq._  
Counsel for Chiquita Brands International, Inc.

CERTIFICATE OF CORPORATE SECRETARY

CHIQUITA BRANDS INTERNATIONAL, INC.

I, James E. Thompson, duly appointed Corporate Secretary of Chiquita Brands International, Inc., hereby certify that the Board of directors of Chiquita Brands International, Inc. adopted the following resolutions at a duly called and convened telephonic meeting held on the 11th day of March 2007.

> WHEREAS, the Board of Directors of Chiquita Brands International, Inc. (the "Corporation") has determined that it is in the best interests of the Corporation and its stockholders to reach resolution with respect to the Corporation regarding the government's investigation into matters involving the Corporation and its former Colombian subsidiary, C.I. Bananos de Exportación, S.A.;
>
> NOW, THEREFORE, BE IT RESOLVED, that this Board authorizes and directs the Corporation to enter into a plea agreement with the United States Attorney's Office for the District of Columbia and the National Security Division of the United States Department of Justice, as set forth in the attached Plea Agreement and Information (collectively, the "Plea Agreement");
>
> BE IT FURTHER RESOLVED, that this Board authorizes and directs Eric H. Holder, Jr., Esq., as the Corporation's outside counsel, to act on its behalf for purposes of the Plea Agreement and to take such actions to execute such documents as he deems necessary or advisable to the implementation of the foregoing resolution.

_James E. Thompson_
James E. Thompson, Secretary

State /~~Commonwealth~~ of ___OHIO___

~~City~~/County of ___HAMILTON___

The foregoing resolutions were acknowledged before me on this __12th__ day of __March__, 2007, by __James E. Thompson, Secretary of Chiquita Brands International, Inc.__

_Barbara Howland_
Notary Public

My commission expires on ___7/27/2008___.

BARBARA M. HOWLAND
NOTARY PUBLIC, STATE OF OHIO
MY COMMISSION EXPIRES 07-27-08