## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **v.** | : | |
| | : | **CRIMINAL NO.:  07-055 (RCL)** |
| **CHIQUITA BRANDS** | : | |
| **INTERNATIONAL, INC.,** | : | |
| | : | |
| **Defendant.** | : | |

## DEFENDANT'S RESPONSE TO GOVERNMENT'S SENTENCING MEMORANDUM

Defendant Chiquita Brands International, Inc. ("Chiquita" or "Company") joins the government in recommending that the Court accept the parties' plea agreement pursuant to Fed. R. Crim. P. 11(c)(1)(C), and further requests that the Court sentence Chiquita pursuant to the terms of that agreement.

Chiquita has accepted responsibility for the criminal conduct with which it has been charged and has admitted the truth of facts supporting its guilty plea, as set forth in the Factual Proffer.  Chiquita does not retreat from those facts, nor does it seek to minimize or cast doubt on its acceptance of responsibility.  Chiquita rejects, however, the unfair and unnecessary mischaracterization of the Company's conduct that is reflected in the government's Sentencing Memorandum.  Through a mix of allegations not contained in the Factual Proffer and unjustified inferences drawn from admitted facts, the Sentencing Memorandum presents a one-sided and misleading view of this case that does not resemble the story that would have been told by the evidence had this case been tried to a jury.

While Chiquita declines to engage in a point-by-point rebuttal of the government's unsupported arguments and conjecture, the simple truth bears emphasis:  Chiquita

was extorted; it paid the A.U.C. to prevent its Colombian employees from being kidnapped, injured, or murdered.  The threats facing Chiquita were very real, a point the government does not -- and cannot -- contest.  When Chiquita learned in 2003 (and not earlier as the government implies) that the U.S. government had designated the A.U.C. as a foreign terrorist organization, thereby making the payments illegal under U.S. law, Chiquita voluntarily disclosed its intolerable dilemma to the Department of Justice and sought its guidance -- guidance that, despite the government's acknowledgment of the "complicated" nature of the life-and-death situation facing Chiquita, was never provided.  For the government now to attempt to hide behind the simplistic position that "[t]he Department of Justice is not in the business of providing outside parties with advice about how best to comply with the law" (Sentencing Mem. at 16) is a hollow, *post hoc* rationalization that ignores reality.  That is especially true in an area the government has itself indicated is vital to the country's interest -- national security.  The government's position that companies like Chiquita should comply with the law without the government's input or help does much to undermine the government's goal of encouraging self-reporting and full cooperation.

       The government states plainly in its Sentencing Memorandum that the instant plea agreement was the result of a compromise, and that its decision to enter into the agreement was prompted in part by "the risk associated with trial by jury."  (Sentencing Mem. at 20.)  Chiquita agrees that the government faced a very substantial risk of losing this case if it had proceeded to trial.  Indeed, it is Chiquita's position that, in light of the Company's voluntary disclosure of the payments and its complete cooperation with the government's subsequent investigation, the government should have foregone prosecution in this matter altogether.  Nevertheless, Chiquita has concluded that this agreement is in the Company's best interests and reflects a responsible

resolution to an excruciatingly difficult legal -- and ethical -- dilemma faced by the Company years ago.

For these reasons, Chiquita respectfully asks that the Court accept the parties' plea agreement and sentence Chiquita pursuant to its terms.

Respectfully submitted,

COVINGTON & BURLING LLP

_____/s/ Eric H. Holder, Jr._____
Eric H. Holder, Jr. (D.C. Bar No. 303115)
James M. Garland (D.C. Bar No. 475509)
Covington & Burling LLP
1201 Pennsylvania Avenue, N.W.
Washington, D.C.  20004
(202) 662-5372 (telephone)
(202) 778-5372 (facsimile)
eholder@cov.com

September 14, 2007                     *Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing

Defendant's Response to Government's Sentencing Memorandum was filed using the Court's

electronic case filing system this 14th day of September, 2007, which automatically results in

service on all counsel of record registered on ECF.


          /s/ Eric H. Holder, Jr.
           Eric H. Holder, Jr.
          *Attorney for Defendant*